IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV420-MU-02

| | |
|---|---|
| BOBBY J. OLDHAM, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>(FNU) HILDRETH, Nurse at )<br>  Lanesboro Correctional )<br>  Institution; )<br>(FNU) EDWARDS, Captain at)<br>  Lanesboro Correctional )<br>  Institution; )<br>(FNU) HAYWOOD, Unit Mana-)<br>  ger at Lanesboro Cor- )<br>  rectional Institution; )<br>(FNU) PRESSLEY, Sergeant )<br>  at Lanesboro Correc- )<br>  tional Institution; and)<br>EDWARD THOMAS, Discipli- )<br>  nary Hearing Officer )<br>  at Lanesboro Correc- )<br>  tional Institution, )<br>    Defendants. )<br>_____) | O R D E R |

**THIS MATTER** comes before the Court on plaintiff's form-Complaint, brought under 42 U.S.C. §§1983, filed October 3, 2006. For the reasons stated herein, the instant Complaint will be dismissed in its entirety.

A review of the plaintiff's Complaint reflects that he is an inmate in the custody of the State of North Carolina, presently confined at the Lanesboro Correctional Institution. According to the plaintiff, on August 16, 2006, defendant Nurse Hildreth

falsely accused him of having given his medication to another inmate, at which time she "verbally attacked [the plaintiff] with profanities."

Next, on August 20, 2006, the plaintiff went to defendant Captain Edwards and inquired about whether defendant Hildreth had charged him with an infraction related to their encounter. At that time, defendant Edwards reportedly advised the plaintiff that defendant Hildreth had not written him up, and Edwards permitted the plaintiff to file a grievance against Hildreth for her reported verbal attack.

The plaintiff believes that defendant Hildreth became aware of his grievance against her on August 22, 2006, at which time she allegedly retaliated against him by charging him with the medication-related infraction. Later on August 22, 2006, defendant Sergeant Pressley notified the plaintiff of his rights with respect to that infraction, and defendant Unit Manager Haywood reportedly "processed" the subject infraction.

Then, on August 26, 2006, defendant Hearing Officer Thomas conducted a hearing on the subject charge. However, defendant Thomas reportedly did not consider any witnesses' statements or any evidence concerning whether or not the inmate to whom the medication allegedly was given had passed a urine test. Ultimately, defendant Thomas found the plaintiff guilty of the subject infraction and pronounced an otherwise unspecified "punishment"

2

upon the plaintiff.

By the instant Complaint, the petitioner is asking this Court to "fully investigate" that incident, as the plaintiff believes that the defendants' conduct violated his "civil and constitutional rights." The plaintiff further asks the Court to expunge this matter from his prison record; and to place a formal reprimand in all of the defendants' personnel files.

Suffice it to say, however, the plaintiff cannot prevail in this matter for any number of reasons, not the least of which is his failure to have stated a constitutional claim for relief.

First, it goes without saying that Captain Edwards' action of answering the plaintiff's question about whether he yet had been charged with an infraction and of allowing the plaintiff to file a grievance against defendant Hildreth clearly did not violate any of the plaintiff's rights. Nor can the plaintiff state a claim for relief on the basis of Sergeant Pressley's simply having advised the plaintiff of his rights in relation to the infraction which was filed against him, or on the basis of Unit Manager Haywood's merely having "processed" that infraction.

As for Hearing Officer Thomas' alleged conduct, the plaintiff claims that he did not consider all of the evidence before rendering his decision. However, the plaintiff does not actually state that he submitted or attempted to submit the subject information to defendant Thomas. Likewise, the plaintiff does not

3

allege that defendant Thomas even was aware that any additional evidence was available for consideration. As such, this Court cannot conclude that Officer Thomas violated any of the plaintiff's rights in connection with how he conducted the plaintiff's hearing.

As for the plaintiff's allegation that Nurse Hildreth "verbally attacked" him, that allegation also does not rise to the level of stating a federal constitutional claim. On the contrary, it is well settled that mere verbal abuse does not state a claim for assault. Morrison v. Martin, 755 F.Supp. 683, 687 (E.D.N.C.), aff'd, 917 F.2d 1302 (4th Cir. 1990).

Finally, the Court is well aware that "[r]etaliation against an inmate for the exercise of a constitutional right states a §1983 claim." Brown v. Angelone, 938 F.Supp.340, 347 (W.D.Va. 1996). However, the Court also is well aware that the Fourth Circuit Court of Appeals has stated that inmates simply "do not have a constitutionally protected right to participate in a grievance procedure." See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert denied, 514 U.S. 1022 (1995). Therefore, the plaintiff cannot state a claim for alleged retaliation which was prompted by his having filed a grievance.

In sum, the Court has determined that the plaintiff has failed to state a constitutional claim for relief. Therefore, the instant Complaint must be **DISMISSED** in its entirety. See 28

4

U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: October 10, 2006

Graham C. Mullen
United States District Judge